**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

**RICHARD GABRIEL PIEDRA-ORDONEZ,**

        **Petitioner,**

  **v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**Case No. 24–cv–00848–ESK**

**ORDER**

---

**THIS MATTER** is before the Court on the request of the United States, upon notice to *pro se* petitioner Richard Gabriel Piedra-Ordonez, for an Order granting the United States permission to interview petitioner's former defense counsel, James J. Leonard, Jr., Esq, in connection with the United States's opposition to petitioner's pending motion to vacate, set aside, or correct his federal sentence filed pursuant to 28 U.S.C. § 2255 (Motion).   (ECF No. 7.)

The Motion alleges that petitioner received ineffective assistance of counsel in his underlying criminal case, Crim. No. 20–01087.   (ECF No. 1 pp. 4, 5, 7, 8.)   The United States argues that petitioner has placed his former counsel's representation of him at issue by raising claims of ineffective assistance of counsel and that it is necessary to interview former defense counsel concerning any discussions he may have had with petitioner regarding the matters raised in the Motion to prepare the United States's response to the pending Motion.   (ECF No. 7 pp. 1, 2.)   Petitioner has not filed any response to the United States's request.

I find that petitioner's claims of ineffective assistance of counsel impliedly waives attorney-client privilege with respect to communications necessary to prove or disprove petitioner's allegations.   *See Cvjeticanin v. United States*, No. 19-00549, 2021 WL 2261589, at *1 (D.N.J. June 3, 2021) (citing *Emmanouil v. Roggio*, 499 F. App'x 195, 201 (3d Cir. 2012); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994)).   Accordingly, the Government may interview former counsel for petitioner, James J. Leonard, Jr., Esq., for the

purpose of obtaining all reasonably necessary information to prove or disprove petitioner's claims of ineffective assistance of counsel.

I further find that the United States's interview of defense counsel is necessary to facilitate its response to, as well as this Court's consideration of, petitioner's pending Motion.

Accordingly,

**IT IS** on this   **25th** day of **April 2024   ORDERED** that:

1.    The United States may interview petitioner's prior attorney, James J. Leonard, Jr., Esq., prior to filing its answer in this matter.  Petitioner's former attorney remains free to speak or not to speak with the United States as he so chooses.

2.    The United States is directed to file its answer to the Motion within **60 days** of the entry of this Order.

3.    The Clerk shall send a copy of this Order to petitioner by regular U.S. mail.


　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**